UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LUIS A. GARCIA
and other similarly-situated individuals,

    Plaintiff(s),

v.

ANAUEL CATERING, CORP.
d/b/a MEZCAL GRILL AND BAR,
SALOMON CHAILLO,
and DODEL DRUKMANN, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, LUIS A. GARCIA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants ANAUEL CATERING, CORP. d/b/a MEZCAL GRILL AND BAR, SALOMON CHAILLO, and DODEL DRUCKMANN, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages, and Retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff LUIS A. GARCIA is a resident of Miami-Dade County, within de jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ANAUEL CATERING, CORP. d/b/a MEZCAL GRILL AND BAR (hereinafter MEZCAL GRILL AND BAR, or Defendant) is a Florida corporation, having place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants SALOMON CHAILLO, and DODEL DRUCKMANN were and are now, the owners/partners/and manager of Defendant Corporation MEZCAL GRILL AND BAR.

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff LUIS A. GARCIA to recover from Defendants minimum wages and overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant MEZCAL GRILL AND BAR is a Mexican restaurant located at 1009 Kane Concourse, Bay Harbor Island, Florida 33154.

8. Defendants MEZCAL GRILL AND BAR employed Plaintiff LUIS A. GARCIA as a non-exempt full-time restaurant employee approximately from May 15, 2017 to May 21, 2017, or 7 days.

9. Plaintiff was hired to work as a server with a wage rate of $8.00 an hour plus tips.

10. Plaintiff worked under the supervision of SALOMON CHAILLO, and DODEL DRUCKMANN.

11. During his relevant employment period with Defendants, Plaintiff maintained an irregular schedule. Plaintiff worked beginning Monday May 15, 2017 from 2:00 PM to 12:00 AM (10 hours); on Tuesday from 6:29 PM to 11:14 PM (5.45 hours): on Wednesday from 6:37 PM to 2:00 AM (7.23 hours); on Thursday from 5:47 PM to 11:00 PM (5.13 hours); on Friday from 6:10 PM to 12:35 AM (6.25 hours); on Saturday from 5:55 PM to 11:14 PM (5.19 hours); and on Sunday from 6:11 PM to 11:26 PM (5.15 hours). Plaintiff did not take any bona-fide lunch period. From Monday, May 15, 2017 to Sunday, May 21, 2017 Plaintiff worked 7 days a total of 44.40 hours.

12. On Sunday 21, 2017, at the end of the business day, Plaintiff mentioned that he had completed 44.40 hours of work for that week, and that he expected to be paid for 4.40 overtime hours, Defendant SALOMON CHAILLO, told Plaintiff that they did not pay overtime at MEZCAL GRILL AND BAR. Plaintiff complained and requested to be paid for overtime hours. Defendant SALOMON CHAILLO refused to pay overtime. Plaintiff and owner SALOMON CHAILLO got into an argument over the payment for overtime hours, Defendant SALOMON CHAILLO became very upset and fired Plaintiff on the spot.

13. During the following days Plaintiff tried to collect his payment check. Plaintiff requested the payment check covering his regular wages, overtime hours, and the tips he received during his workweek. Plaintiff talked to Defendant DODEL DRUCKMANN and to Defendant SALOMON CHAILLO.

14. On or about June 8, SALOMON CHAILLO told Plaintiff that he never would be paid for his 7 days of work regular wages, overtime hours and his tips.

15. Therefore, Defendants failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

16. Plaintiff LUIS A. GARCIA seeks to recover tips, regular and overtime wages, at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked, retaliatory damages, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

18. Plaintiff LUIS A. GARCIA re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This cause of action is brought by Plaintiff LUIS A. GARCIA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

20. Defendant MEZCAL GRILL AND BAR was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant, and is engaged in interstate commerce. Defendant uses the

instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff was a server, and he originated credit card transactions. Additionally, Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

22. Defendants MEZCAL GRILL AND BAR employed Plaintiff LUIS A. GARCIA as a non-exempt full-time restaurant employee approximately from May 15, 2017 to May 23, 2017, or 7 days.

23. Plaintiff was hired to work as a server with a wage rate of $8.00 an hour plus tips.

24. From Monday, May 15, 2017 to Sunday, May 21, 2017, or 7 days, which is his total employment period with Defendants, Plaintiff maintained an irregular schedule, but Plaintiff worked 7 days, a total of 44.40 hours.

25. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid regular hours nor overtime hours at any rate, not even the minimum wage rate.

26. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

27. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

28. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

29. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

30. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   \* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Forty-Eight Dollars and 96/100 ($48.96)

   b. <u>Calculation of such wages</u>:

   Relevant days of employment: 7 days/one week
   Total hours worked: 44.5 hours weekly
   Total overtime hours: 4.5 hours
   Total of unpaid overtime hours: 4.5 hours
   Minimum wage: $7.25 x 1.5=$10.88 O/T rate
   Overtime rate: $10.88 an hour

   $10.88 O/T rate x 4.5 hours=$48.96

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

31. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

32. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

33. At the times mentioned, individual Defendants SALOMON CHAILLO, and DODEL DRUCKMANN were the owners/partners/managers of MEZCAL GRILL AND BAR. Defendants SALOMON CHAILLO, and DODEL DRUCKMANN were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of MEZCAL GRILL AND BAR in relation to its employees, including Plaintiff and others similarly situated. Defendants SALOMON CHAILLO, and DODEL DRUCKMANN had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

34. Defendants MEZCAL GRILL AND BAR, SALOMON CHAILLO, and DODEL DRUCKMANN willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LUIS A. GARCIA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff LUIS A. GARCIA and other similarly-situated individuals and against the Defendants MEZCAL GRILL AND BAR, SALOMON CHAILLO, and DODEL DRUCKMANN on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff LUIS A. GARCIA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff LUIS A. GARCIA demands trial by jury of all issues triable as of right by jury.

# COUNT II:
# F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

36. Plaintiff LUIS A. GARCIA re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

37. This action is brought by Plaintiff LUIS A. GARCIA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

38. Defendant MEZCAL GRILL AND BAR was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant, and is engaged in interstate commerce.  Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions.  Upon information and belief, the annual gross revenue of the

Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

39. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff was a server, and he originated credit card transactions. Additionally, Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

40. Defendants MEZCAL GRILL AND BAR employed Plaintiff LUIS A. GARCIA as a non-exempt full-time restaurant employee approximately from May 15, 2017 to May 21, 2017, or 7 days.

41. Plaintiff was hired to work as a server with a wage rate of $8.00 an hour plus tips.

42. From Monday, May 15, 2017 to Sunday, May 21, 2017, or 7 days, which is his total employment period with Defendants, Plaintiff maintained an irregular schedule, but Plaintiff worked 7 days, a total of 44.40 hours.

43. Plaintiff worked in excess of 40 hours every week period. However, Defendant refused to pay Plaintiff his regular hours at any rate, not even at the mandatory minimum wage rate.

44. Therefore, Defendant MEZCAL GRILL AND BAR failed to pay Plaintiff LUIS A. GARCIA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

45. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the

possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

46. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

47. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate. After Defendant produce time records and paystubs, calculations will be modified accordingly.
*Florida minimum wage is $8.10 an hour, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

  a. Total amount of alleged unpaid wages:

  Three Hundred Twenty-Four Dollars and 00/100 ($324.00)

  b. Calculation of such wages:

  Relevant weeks of employment: 7 days
  Total hours worked: 40 hours weekly
  Total of unpaid hours: 40 hours
  Florida Minimum wage rate: $8.10

  $8.10 Min. wage rate x 40 hours=$324.00

  c. Nature of wages:

  This amount represents unpaid minimum wages at Florida Min. wage rate.

48. Defendant MEZCAL GRILL AND BAR unlawfully failed to pay minimum wages to Plaintiff. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

49. At the times mentioned, individual Defendants SALOMON CHAILLO, and DODEL DRUCKMANN were the owners/partners/managers of MEZCAL GRILL AND BAR. Defendants SALOMON CHAILLO, and DODEL DRUCKMANN were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of MEZCAL GRILL AND BAR in relation to its employees, including Plaintiff and others similarly situated. Defendants SALOMON CHAILLO, and DODEL DRUCKMANN had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

50. Defendants MEZCAL GRILL AND BAR, SALOMON CHAILLO, and DODEL DRUCKMANN willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

51. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LUIS A. GARCIA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants MEZCAL GRILL AND BAR, SALOMON CHAILLO, and DODEL DRUCKMANN on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff LUIS A. GARCIA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

52. Plaintiff LUIS A. GARCIA re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

53. Defendant MEZCAL GRILL AND BAR was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Mexican restaurant, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

54. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff was a server, and he originated credit card transactions. Additionally,

Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

55. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

56. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half-times the employee's regular rate…"

57. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

58. Defendants MEZCAL GRILL AND BAR employed Plaintiff LUIS A. GARCIA as a non-exempt full-time restaurant employee approximately from May 15, 2017 to May 21, 2017, or 7 days.

59. Plaintiff was hired to work as a server with a wage rate of $8.00 an hour plus tips.

60. From Monday, May 15, 2017 to Sunday, May 21, 2017, or 7 days, which is his total employment period with Defendants, Plaintiff maintained an irregular schedule, but Plaintiff worked 7 days, a total of 44.40 hours.

61. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid regular hours nor overtime hours at any rate, not even the minimum wage rate.

62. On Sunday 21, 2017, at the end of the business day, Plaintiff mentioned that he had completed 44.40 hours of work for that week, and that he expected to be paid for 4.40 hours of overtime, Defendant SALOMON CHAILLO, told Plaintiff that they did not pay overtime at MEZCAL GRILL AND BAR. Plaintiff complained and requested to be paid for overtime hours.

63. These complaints constituted protected activity under the Fair Labor Standards Act.

64. Defendant SALOMON CHAILLO refused to pay overtime. Plaintiff and owner SALOMON CHAILLO got into an argument over the payment for overtime hours, Defendant SALOMON CHAILLO became very upset, and fired Plaintiff on the spot.

65. The following days Plaintiff tried to collect his payment check. Plaintiff requested the payment check covering his regular wages, overtime hours, and the tips he received during his workweek. Plaintiff talked to Defendant DODEL DRUCKMANN and to Defendant SALOMON CHAILLO.

66. On or about June 8, SALOMON CHAILLO told Plaintiff that he never would be paid for his 7 days of work regular wages, overtime hours and his tips.

67. Therefore, Defendants failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act. 29 U.S.C. §206, and 29 U.S.C. 207(a)(1).

68. On or about May 21, 2017 Plaintiff complained about not being paid for overtime hours and as a retaliatory action, Plaintiff was immediately fired. Then Defendant refused to pay Plaintiff his regular wages, overtime hours and earned tips.

69. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

70. At the times mentioned, individual Defendants SALOMON CHAILLO, and DODEL DRUCKMANN were the owners/partners/managers of MEZCAL GRILL AND BAR. Defendants SALOMON CHAILLO, and DODEL DRUCKMANN were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of MEZCAL GRILL AND BAR in relation to its employees, including Plaintiff and others similarly situated. Defendants SALOMON CHAILLO, and DODEL DRUCKMANN had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly liable for Plaintiff's damages.

71. Defendants MEZCAL GRILL AND BAR, SALOMON CHAILLO, and DODEL DRUCKMANN willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing him.

72. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

73. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

74. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LUIS A. GARCIA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants MEZCAL GRILL AND BAR, SALOMON CHAILLO, and DODEL DRUCKMANN that Plaintiff LUIS A. GARCIA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff LUIS A. GARCIA further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff LUIS A. GARCIA demands trial by jury of all issues triable as of right by jury.

Dated: June 29th, 2017

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*